**SANDS, Plaintiff, v. SANDS, Defendant.**

Common Pleas Court, Hamilton County.

No. A-153525.   June 4, 1956.

Harold Browne, for plaintiff.

## OPINION

By HOY, J.:

Plaintiff's petition reads as follows:

"Comes now the Plaintiff and petitions this Honorable Court for an order providing for support in accordance with the Uniform Reciprocal Support Act and represents to the Court that he and Defendant were married at Oswego, Kansas, 2-20-47 and that one child Russel Guy Jr. has been born the issue of said marriage.

"Plaintiff further says that on 23rd July 1955 the Defendant against the Plaintiff's wishes, left the State of Indiana with the child and their automobile and established a residence in Coffeeville Kansas.

"Plaintiff further says that shortly after Defendant left and deserted him at Madison Indiana on and about July 23rd 1955, he was unemployed and consequently unable to contribute to the support of said minor child but that he obtained employment about March 1956 and is now able to contribute to the support of said child.

"Plaintiff further says that Defendant has caused the authorities of Montgomery County, Kansas to issue a warrant for child desertion (Kansas Warrant No. 9-751) to the Sheriff of Hamilton County, Ohio for his arrest and for his detention on the grounds of child desertion. Plaintiff further says that he is under a one thousand ($1000.00) bond to the Hamilton County, to appear for hearing here, when summoned. Wherefore, Plaintiff prays for an order in accordance with the Uniform Reciprocal Enforcement of Support Act, now termed The Uniform Dependence Act (see §5311-4 GC), §§3115-01 to 3115-15—see 3115-4 GC directed to said Defendant and for such other relief as the Law provides."

There are no other pleadings in the case and no one is contesting plaintiff's action. Nevertheless, the Court has raised, sua sponte, the question of whether it has jurisdiction to entertain the action.

The petition alleges that plaintiff's wife and minor child reside in the State of Kansas and that criminal proceedings against him for child desertion have been instituted in that State and that the authorities of that State are seeking to extradite him to Kansas to answer such charge.

No civil support action such as is contemplated by §3115 et seq., R. C., has been instituted in the State of Kansas but plaintiff claims that by virtue of the provisions of §3115.04 R. C., he is entitled to bring the present action and, upon obtaining an order for support from this Court and abiding thereby, be exempt from extradition to the State of Kansas on the criminal charge.

Sec. 3115.04 R. C., reads as follows:

"The governor may demand from the governor of any other state the surrender of any person charged in this state with failure to provide for the support of a person in this state and may surrender on demand by the governor of any other state any person charged in such other state with the failure to provide for the support of a person in such other state. Secs. 2963.01 to 2963.29, inclusive, and §107.04 R. C., apply to the demand although the person whose surrender is demanded was not in the demanding state at the time of the commission of the crime and although he has not fled therefrom. Neither the demand, the oath, nor any proceedings for extradition, pursuant to this section, need state or show that the person demanded has fled from justice, or that he was, at the time of the commission of the crime, in the demanding or other state.

"Any obligor contemplated by this section, who submits to the jurisdiction of the court of such other state and complies with the court's order of support, is relieved of extradition for desertion or nonsupport during the period of such compliance."

I do not construe this section as giving this Court jurisdiction of plaintiff's action. Obviously the primary purpose of the statute was to remove the two chief obstacles to extradition which formerly existed in failure to provide cases. Thus the statute was not only not intended to prevent extradition but was actually designed to facilitate it.

It is true that a casual reading of the last paragraph of the statute might lend some weight to plaintiff's contention. However, in my opinion, this paragraph was merely designed to prevent an obligee or the authorities of an initiating State from extraditing an obligor who is complying with the order of the responding State court pursuant to the institution of the civil proceedings contemplated by the Act in the initiating State simply because such obligee or such authorities might not be satisfied with the amount of support fixed by the responding State court. In other words, once having elected to pursue the civil remedy, the obligee must be satisfied with the amount of support ordered to be paid by the responding State court.

This same conclusion was reached by the Supreme Court of California in the case of In re Floyd, 43 Cal. (2d) 379 (273 Pac. [2d] 820) in which the obligor sought to avoid extradition proceedings instituted in the State of Ohio by initiating a civil support action in the State of California under an identical statute. Syllabus 2 of that case is as follows:

"Uniform Reciprocal Enforcement of Support Act contemplates two distinct courses of action in enforcement of support duties: (1) extradition and (2) initiation of civil proceedings in demanding state, with opportunity thereafter given to obligor to submit to subsequently assumed jurisdiction of court in responding state; while either or both courses of action may be pursued, the election lies wholly with demanding state and obligee, and obligor may not independently institute action in responding state for purpose of defeating extradition process."

The statute was similarly construed by the Attorney General of Ohio in Opinion No. 3009 rendered on August 31, 1953, the syllabus of which is as follows:

"A person for whom an extradition requisition has been received by the Governor of Ohio, from a state which has enacted the Uniform Dependents Act, asking for the person's return to the demanding state for desertion or non-support, must be relieved of extradition under Section 6 of the Act, where such person submits to a court of record in this state and complies with the court's order of support.

"Such court cannot, however, obtain jurisdiction to make such order of support otherwise than in the manner designated in §§8007-10 8007-11 and 8007-12 GC; and where there has been no compliance with the provisions of these sections an obligor may not be relieved of extradition by a mere offer to submit to the jurisdiction of the court of the responding state."

The Uniform Support of Dependents Act contemplates the filing of a petition on behalf of the dependents in the initiating State. The Court in that State hears evidence concerning the financial condition of the dependents and, based upon such evidence, makes an order fixing the amount of support needed under the circumstances. It is true that

this Court does not necessarily hear evidence of the obligor's financial condition but its finding is not a final order for support. It is intended only for the guidance of the Court in the responding State. This latter Court does hear evidence as to the obligor's financial ability and, after weighing such evidence against the needs of the dependents as determined by the Court of the initiating State, the responding State court should be able to make an order which is reasonable under all the circumstances. If the obligor were authorized to initiate the proceedings as claimed by the plaintiff in the instant case, this Court would be required to make a final order for support without any evidence whatever as to the needs of the dependents.

Furthermore, to construe the statute in accordance with plaintiff's theory would be to permit an absconding obligor to flee to another State, secure a support order from the Courts of that State, often based entirely on his own testimony and, so long as he complied with the order, be protected from extradition for non-support or child desertion. This would, of course, be wholly contrary to the spirit as well as the letter of the law.

Accordingly, the Court finds that it is without jurisdiction to entertain plaintiff's action and his petition will be dismissed at his costs.